IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BAJABA, LLC d/b/a NEW HAVEN
GOLF CLUB                                                                                                PLAINTIFF

VS.                                              CASE NO. 14-CV-4057

GENERAL STEEL DOMESTIC
SALES, LLC d/b/a GENERAL STEEL
CORP.; BUILDING SERVICES GROUP,
LLC;                                                                                                     DEFENDANTS

**ORDER**

Before the Court is the Motion to Remand and for Costs filed by Bajaba, LLC d/b/a New Haven Golf Club ("Bajaba"). (ECF No. 10). Defendant General Steel Domestic Sales, LLC ("General Steel") has responded and filed a supplement to its response. (ECF No. 13, 17). Bajaba filed a reply to Defendant's Response. (ECF No. 19). Additionally, Defendant Building Services Group, LLC ("Building Services") has moved to Adopt and Join the Response to Plaintiff's Motion to Remand and for Costs. (ECF No. 14). No party has objected to Building Services' Motion.

For the reasons stated herein, Bajaba's Motion to Remand and for Costs (ECF No. 10) is **GRANTED** in part and **DENIED** in part. Building Services' Motion to Adopt and Join the Response of General Steel (ECF No. 14) is **GRANTED**.

I. Background

Bajaba alleges that it bought a steel building from General Steel, using General Steel's authorized dealer and builder, Jared Branscum and Branscum Construction & Erecting, Inc. (collectively, "Branscum Defendants") to erect the building. Bajaba paid $385,000 prior to delivery of the building. The Branscum Defendants abandoned the job before the building was erected and

Bajaba was forced to complete the project with other contractors. Bajaba sued General Steel, Building Services Group, and the Branscum Defendants in Arkansas state court for breach of contract, violation of the Arkansas Deceptive Trade Practices Act, fraud, and negligence. General Steel and Building Services are both Colorado limited liability companies, Jared Branscum is an Arkansas resident, and Branscum Construction and Erecting, Inc. is an Arkansas corporation.

Bajaba alleges that it attempted unsuccessfully to serve the Branscum Defendants. The lawsuit proceeded in state court for two years until, during the final pretrial hearing Bajaba orally moved to nonsuit its claims against the Branscum defendants for lack of service. Because the Branscum Defendants were the only nondiverse defendants, General Steel and Building Services thereafter removed the case to this court. (ECF No. 1).

Bajaba argues the case should be remanded because (1) it is procedurally defective, (2) the joinder of the Branscum defendants was not done in bad faith, and (3) the Defendants have waived any right to remove. Defendants respond that Plaintiff included the nondiverse Branscum Defendants in bad faith, and such bad faith forum manipulation tolls the one year limitation in 28 U.S.C. 1446 (c)(1).

II. Discussion

The burden of establishing that a case is within the federal court's removal jurisdiction is on the removing defendant. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute[s] narrowly, resolving any doubts against removability. *Id.* at 108-09.

A. Procedural Defects

Bajaba first argues that the state court has not entered a written order on its oral motion for nonsuit of its claims against the Branscum Defendants and therefore the Defendants' notice of removal

2

is procedurally defective under 28 U.S.C. § 1446(b)(3).

The requirements of 28 U.S.C. § 1446(b)(3) allows a notice of removal to be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Bajaba argues that, because the motion to nonsuit was oral, there has been no "order or other paper" from which the Defendants can ascertain the removability of the case.

However, many courts have permitted consideration of oral statements which allow certain narrow exceptions to the general writing requirements. *First Nat'l Bank in Little Rock v. Johnson & Johnson*, 455 F.Supp. 361, 362 & n. 1 (E.D.Ark. 1978); *see also King v. Kayak Mfg. Corp.*, 688 F.Supp. 227, 230 (N.D. W.Va. 1988); *Mike Silverman & Assocs. v. Drai*, 659 F.Supp. 741, 745-47 (C.D. Cal. 1987); *Heniford v. Am. Motors Sales Corp.*, 471 F.Supp. 328, 332-37 (D.S.C. 1979), *dismissed*, 622 F.2d 584 (4th Cir. 1980) (unpublished table decision). Because the statement here was made in open court, recorded, and transcribed, it is available for examination without necessitating any complex and potentially troubling dispute over what was actually said. *See* 14C Fed. Prac. & Proc. Juris. § 3731 (4th ed.). Thus, the Court finds that the action became removable by action of the Plaintiff in open court even without the service of "order or other paper," and the removal is not improper on procedural grounds.

### B. Joinder of Branscum Defendants

Bajaba next argues that the removal is not appropriate because the joinder of the Branscum Defendants was in good faith. Under 28 U.S.C. § 1446(c), a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Defendants respond that the standard is not bad faith in joining the defendant, instead the proper

standard is whether the plaintiff acted in bad faith to prevent a defendant from removing the action.

As an initial matter, the court emphasizes that it is far from clear that the "bad faith" and "fraudulent joinder" standards are one and the same. The "bad faith" exception under § 1446 governs the timing of removal. By contrast, "fraudulent joinder" is a court-created doctrine that pertains to a federal court's subject matter jurisdiction to hear a case in the first place. Although the purpose of both doctrines is to thwart gamesmanship by plaintiffs in diversity cases, courts generally address these grounds separately and independently of each other.

Under the bad faith standard as enumerated in 28 U.S.C. § 1446(c), the Court is not persuaded that Bajaba joined the Branscum Defendants as a nondiverse defendants in "bad faith" in order to prevent removal. First, the Branscum Defendants were the persons allegedly responsible for doing the construction requested on the steel building at issue. They were not belatedly added in response to an attempted removal; rather they were included in the initial Complaint from the beginning. Defendants do not allege that the Complaint was in any way changed or amended over time in a way that suggests gamesmanship by the Plaintiff. It appears that the Complaint stood unchanged for the entirety of the one-year removal period, and in fact remained unchanged for nearly another year while the parties were preparing for trial. Nor did Plaintiff dismiss the nondiverse Defendants as soon as the one-year deadline had passed. On the contrary, Plaintiff attempted to find and serve the Branscum Defendants, and the other Defendants even filed a third-party complaint against them. Plaintiff does not appear to have taken any actions specifically to defeat removal except for nonsuiting their claims against the Defendants that they could not locate. Moreover, there is evidence that Bajaba intends to continue to prosecute the Branscum Defendants after a remand to state court, since the Defendants have been located subsequent to the removal of this action. While the court notes that this fact has little effect on the basis of diversity jurisdiction, it does weigh in Bajaba's favor with respect to the bad faith

allegations against it. Absent a showing of such bad faith, the one-year limit on removal of diversity cases requires remand.

To ensure that federal courts do not overstep constitutional bounds, courts are admonished to construe federal removal statutes strictly. *Sheets*, 313 U.S. 100, 108-09 (1941). Nonetheless, even considering that removal statutes must be interpreted strictly, the court agrees with those courts that have held that Congress did not intend to permit a Plaintiff to fraudulently manipulate federal jurisdiction when it enacted § 1446(b). The Court finds that the Defendants have not met their burden in this case to show that the Plaintiff's actions were taken in bad faith to defeat federal jurisdiction.

### C. Waiver of Right to Remove

Finally, Bajaba argues that Defendants have waived their right to removed because they have proceeded to defend the suit in state court. However, a defendant cannot waive his/her right to remove by defending the action in state court before the right of removal existed. Therefore, the Defendants did not waive their right to remove by proceeding to defend the suit in state court before the nonsuit of the nondiverse Defendants.

### III. Conclusion

In light of the one-year limit on removal of actions premised on diversity jurisdiction and the lack of evidence of bad faith or fraudulent joinder, this case must be remanded pursuant to 28 U.S.C. § 1446(c)(1). Accordingly, Plaintiff's Motion to Remand is **GRANTED**; this action is hereby remanded to the state Circuit Court of Miller County, Arkansas for proper adjudication of the issues in this case. Plaintiffs' request for costs and expenses should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 21st day of October, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge