IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BAJABA, LLC d/b/a NEW HAVEN
GOLF CLUB                                                                          PLAINTIFF

vs.                                        Case No. 14-cv-4057

GENERAL STEEL DOMESTIC
SALES, LLC d/b/a GENERAL STEEL
CORP.; BUILDING SERVICES GROUP,
LLC                                                                          DEFENDANTS

## ORDER

Before the Court is the Motion to Reconsider Order on Motion to Remand, Request for Expedited Hearing, and Incorporated Brief in Support (ECF No. 36) filed on behalf of Defendant General Steel Domestic Sales, LLC d/b/a "General Steel." Building Services Group, LLC ("Building Services") has joined in the Motion. (ECF No. 38). Plaintiff Bajaba, LLC d/b/a New Haven Golf Club ("Bajaba") has filed a response. (ECF No. 37). General Steel has replied (ECF No. 41), and Building Services has joined General Steel's reply (ECF No. 42).

Generally, a party is entitled to reconsideration of an interlocutory order under Rule 54(b) when there is (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. Defendants assert that reconsideration is necessary to correct a clear error of fact and law. Having carefully reviewed the arguments and submissions of counsel, the Court finds that there is no clear error and its Order on Remand remains unchanged.

Bajaba alleges that it bought a steel building from General Steel, using General Steel's authorized dealer and builder, Jared Branscum and Branscum Construction & Erecting, Inc. (collectively, "Branscums") to erect the building. The Branscums abandoned the job before the

building was erected and Bajaba was forced to complete the project with other contractors. Bajaba sued General Steel, Building Services Group, and the Branscums in Arkansas state court. The Branscums were never served, and Bajaba nonsuited its claims against them in state court for lack of service after the case had been pending for two years. The remaining Defendants removed the action to this Court, arguing that the one year limitation for removal in 28 U.S.C. § 1446(c)(1) is tolled for bad faith forum manipulation. The Court held that Defendants did not meet their burden to show that Plaintiff's actions were taken in bad faith, and the case should be remanded to the Circuit Court of Miller County, Arkansas. Defendants have now asked the Court to reconsider that ruling.

Unlike the cases Defendants have cited to the Court, this is not a case where there was simply a failure on the Plaintiff to serve or to propound discovery on a properly served Defendant, indicative of fraudulent joinder and forum manipulation. Instead, both Plaintiff and the remaining Defendants were unaware of Jared Branscum's whereabouts. The evidence demonstrates the reason the case against the Branscums did not move forward was not because Plaintiff joined them in bad faith, but because they could not be found.

Defendants point to the fact that Plaintiff's representative, Harry Baumann, admitted in his deposition that he had contact with Jared Branscum and knew of his location. They assert that this is evidence of bad faith forum manipulation. However Jared Branscum was a fugitive and difficult to locate for service. The fact that the Plaintiff at one point was made aware of his whereabouts is insufficient evidence of Plaintiff's bad faith.

Defendants next argue that the Court's Order creates a loophole that will allow future plaintiffs to avoid federal diversity jurisdiction by not properly serving a defendant and later, after the one-year mark, dismiss the defendant. However, Defendants' argument ignores the facts of this

2

case.  Again, this is not simply a case where a plaintiff failed to serve a defendant in bad faith. Instead, the facts show that Jared Branscum was a fugitive, had a warrant out for his arrest, and no party was able to locate him.  If the Plaintiff would have made no attempts to effect service, or made limited attempts to effect service on a defendant who otherwise could have been found, then the Plaintiff would not be entitled to remand.  Such is not the case here.

In sum, based on an absence of clear forum manipulation by Plaintiff and the overarching principle that all doubts must be resolved in favor of remand, *see Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), equitable tolling of the one-year limitation period is not warranted. Thus, Defendants' removal more than one year after commencement of suit is untimely under § 1446(b), and Plaintiff is entitled to remand.  The Court also finds a hearing is unnecessary and likewise denies that request.

Plaintiffs' Motion for Reconsideration (ECF No. 36) is **GRANTED.**  Upon reconsideration, Plaintiff's Motion to Remand remains unchanged; this action is remanded to the Circuit Court of Miller County, Arkansas for proper adjudication of the issues in the case.

**IT IS SO ORDERED**, this 29th day of May, 2015.

 /s/ Susan O. Hickey 
Susan O. Hickey
United States District Judge

3